**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

——— FILED   ——— ENTERED
——— LOGGED   ——— RECEIVED

JUL 1 1 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **THOMAS ALSTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CAVALRY PORTFOLIO SERVICES, LLC** | ) |
| | ) |
| Defendant, | ) |
| | ) |
| **ROBERTINO GOODING** | ) |
| | ) |
| Defendant. | ) |

BY *BCL*   DEPUTY

CIVIL ACTION NO. **AW 12 CV 2065**
**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff, Thomas Alston, (hereafter the "Plaintiff") and for his complaint against the Defendant Cavalry Portfolio Services, LLC ("Cavalry") and Robertino Gooding ("Gooding") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION & VENUE

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue in this District is proper in that Cavalry transacts business here and the conduct complained of occurred here.

## PARTIES

3.      The plaintiff is a natural person currently residing in Largo, Maryland. He is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

1

4.      Defendant Cavalry is a Delaware Limited Liability Company principally located at 4050 E. Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040.

5.      Defendant Gooding is an employee "debt collector" for Cavalry.

6.      Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debt.

7.      Defendant Cavalry regularly tells consumers in correspondences that "this is an attempt to collect a debt and any information will be used for that purpose" and/or that the communication is from a debt collector.

8.      Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

## FACTS

9.      In correspondence to Mr. Alston dated, July 15, 2011 Cavalry falsely asserted that Mr. Alston had a delinquent credit card account with HSBC Bank Nevada, N.A. ("HSBC"). Cavalry further falsely represented that Cavalry purchased the account from HSBC and that Mr. Alston owed Cavalry $449.63.

10.      The alleged credit card debt allegedly arose from services provided by HSBC, which were primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

11.      Mr. Alston advised Cavalry in a letter dated August 8, 2011 that the only account he had with HSBC was closed in 2005 and requested Cavalry cease collection efforts until it provided Mr. Alston with the documents substantiating that the obligation exists and was purchased by Cavalry. Mr. Alston specifically asked for the "agreement/application that created th[e] account."

12.     On September 29, 2011 at 11:40am EST Mr. Alston called Cavalry. A Cavalry employee named Julie (Employee ID#3JD341) from the compliance department advised Mr. Alston that Cavalry had received his letter and was waiting on verification from HSBC.

13.     On October 6, 2011 Mr. Alston received correspondence from Robertino Gooding on behalf of Cavalry. Gooding's letter purported to be a verification of the debt. The letter falsey asserted that the account:

      a)    was opened with HSBC;

      b)    was opened on July 16, 2010;

      c)    was charged off on May 31, 2011; and

      d)    had a balance of $455.20.

14.     On or about October 19, 2011 Mr. Alston responded to Gooding's letter. Mr. Alston mailed a letter to Cavalry stating that the verification of debt did not include documentation substantiating the debt as requested in his August 8, 2011 letter. Mr. Alston concluded his letter by repeating his request for "any documentation that substantiates Cavalry claim that I have a valid obligation to them."

15.     Cavalry never provided any documentation supporting its claim that the debt existed and was purchased by Cavalry.

## COUNT ONE: VIOLATIONS OF FDCPA

16.     Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set out herein.

17.     Defendant Cavalry violated 15 U.S.C. §1692e(2) & (10) by falsely representing it purchased a debt owed by the Plaintiff to HSBC for an amount of $449.63 in an attempt to collect the debt.

3

18.     Defendants Cavalry and Gooding violated 15 U.S.C. §1692e(2) & (10) by falsely representing Plaintiff had a debt with HSBC for $455.20 in an attempt to collect the debt.

19.     As a result of conduct, actions and inactions of the Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, embarrassment, humiliation, emotional and mental distress.

20.     Defendants conduct were the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages against Defendants; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

THOMAS ALSTON

By _Thomas Alston_

Thomas Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927
*Pro Se*